JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| Case No. SACV 12-1826 JVS (RNBx) | Date November 15, 2012 |
| Title Wells Fargo Bank, N.A. v. Caballeros | |

Present: The Honorable   James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(In Chambers)**   Order Remanding Action to the Superior Court of the State of California for the County of Orange

On October 18, 2012, Nestor Caballeros ("Caballeros") removed this case from the Superior Court of the State of California for the County of Orange.  (Docket No. 1.)  He removed this action on the basis of federal question jurisdiction, 28 U.S.C. § 1331, and diversity jurisdiction, 28 U.S.C. § 1132(a)(1).  (Notice of Removal, pp. 2-3.)

The Court has reviewed the jurisdictional allegations and has considered other possible bases for jurisdiction in light of the facts pled in the Complaint and the Notice of Removal.  The Court finds no basis for jurisdiction, and now remands the case.

The Court must determine jurisdiction on the basis of the case removed.  The underlying action is an unlawful detainer action.  No federal claims are asserted (28 U.S.C. § 1331).  Federal defenses or federal counterclaims provide no basis to remove an action which does not otherwise establish federal jurisdiction.  See Franchise Tax Board of State of Cal. v. Construction Laborers Vacation Trust, 643 U.S. 1, 10 (1983); Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 326-27 (5th Cir. 1998).  There is no basis for federal question jurisdiction.

It is unclear whether the parties are of diverse citizenship, as required by 28 U.S.C. § 1332(a)(1), because the record does not indicate the citizenship of Wells Fargo Bank, N.A. ("Wells Fargo").  (Complaint, ¶ 3.)   However, the Court has previously determined and Well Fargo has concede in prior litigation that Wells Fargo is a citizen of

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 12-1826 JVS (RNBx) | Date | November 15, 2012 |
| Title | Wells Fargo Bank, N.A. v. Caballeros | | |

California.  E.g., Uriarte v. Wells Fargo Bank, N.A., No. 11-cv-2082-IEG (WVG), 2011 WL 5295285, at *1 n.2 (S.D. Cal. Nov. 3, 2011) ("Wells Fargo does not contest that its principal place of business is in San Francisco, California."); Mount v. Wells Fargo Bank, N.A., No. CV 08-6298 GAF (MANx), 2008 WL 5046286, at *1 (C.D. Cal. Nov. 24, 2008) (noting that Wells Fargo "has regularly described its principal place of business as San Francisco, California"); Mania Bakhtavar v. Wells Fargo Bank, N.A. et al., SACV 12-01330 JVS (JPRx), Docket No. 8, pp. 1-2.  If Wells Fargo is a citizen of California, then this Court has no subject matter jurisdiction because there is not complete diversity between the parties.

In any event, it is apparent that the amount of relief sought is less than the jurisdictional minimum of $75,000.  The face of the Complaint states that the amount of claimed damages is less than $10,000.  There is no basis for diversity jurisdiction.

The case is remanded to the Superior Court of the State of California for the County of Orange for lack of jurisdiction.

| | | |
|---|---|---|
| | Initials of Preparer | kjt |